UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LINDA WORLEY** | **CIVIL ACTION** |
| **VERSUS** | **No. 10-3313** |
| **STATE OF LOUISIANA, ET AL.** | **SECTION I** |

## ORDER AND REASONS

Plaintiff, Linda Worley, has filed a motion[1] to alter judgment or, alternatively, for relief from judgment with respect to the Court's dismissal[2] of plaintiff's case. Defendant, the State of Louisiana, opposes[3] the motion. For the following reasons, plaintiff's motion is **GRANTED**.

### *BACKGROUND*

On September 29, 2010, plaintiff filed a complaint against the State of Louisiana, through the LSUHSC Medical Center of Louisiana at New Orleans, and Daniel Chaisson.[4] Defendants responded with a motion to dismiss claiming that neither of the defendants had been properly served.[5]

On May 17, 2011, the Court agreed and found that plaintiff had not shown good cause for

---

[1] R. Doc. No. 28.

[2] R. Doc. No. 26.

[3] R. Doc. No. 33.

[4] R. Doc. No. 1.

[5] R. Doc. No. 9.

her failure to properly serve the defendants.[6]  However, noting that plaintiff would be procedurally barred from re-filing her claim under the Americans with Disabilities Act if the Court were to dismiss the case, the Court exercised its discretion and granted the plaintiff extra time in order to effect proper service.[7]  The Court ordered the plaintiff to file proof of proper service into the record no later than June 17, 2011 or else her case would be dismissed.[8]

Plaintiff never filed proof of proper service into the record.  On June 22, 2011, a hearing was held and no adequate justification was provided to explain the absence of proof of proper service in the record.  Accordingly, plaintiff's case was dismissed.

## *LAW & ANALYSIS*

The Fifth Circuit has explained that when a case is decided dispositively without a trial in the district court, subsequent relief is properly construed as a request for reconsideration. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 338 (5th Cir.1997); *see also Negron-Almeda v. Santiago*, 528 F.3d 15, 20 (1st Cir. 2008) ("No matter how a party titles it, a post-judgment motion made within [twenty-eight] days of the entry of judgment is properly construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e).") (quotation marks omitted).  While the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, "[a]ny motion termed as such will be treated as either a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b)." *Harrington v. Runyon,* No. 96-60117, 1996 WL 556754, at *1 (5th Cir. Sept. 3, 1996) (citing

---

[6] R. Doc. No. 18.

[7] *Id.*

[8] *Id.*

*Lavespere v. Niagra Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir. 1990)).[9]

A Rule 59(e) motion to alter or amend judgment "calls into question the correctness of a judgment." *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002).  It is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment, *Simon v. U.S.,* 891 F.2d 1154, 1159 (5th Cir. 1990), but instead "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.,* 875 F.2d 468, 473 (5th Cir. 1989).  Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Clancy v. Employers Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000).

A district court has considerable discretion to grant or to deny a motion to alter or amend the judgment under Rule 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).  The court must strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts. *See id.*  "A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and, (4) the motion is justified by an intervening change in the controlling law." *Jupiter v. BellSouth Telecommunications, Inc.*, 1999 WL 796218 (E.D. La, Oct. 5, 1999) (Vance, J.).

---

[9]If the motion is filed within twenty-eight days of the ruling about which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. Shepherd v. Int'l Paper Co., 372 F.3d 326, 327 n.1 (5th Cir. 2004).  Because plaintiff filed her motion less than twenty-eight days after the Court issued its order, the motion is considered as a Rule 59(e) motion.

Plaintiff claims that she is entitled to relief because prior to withdrawing his representation, her former counsel led her to believe that the June 17, 2011 deadline was for service and not for filing proof of service into the record. Given plaintiff's assertion of her good faith attempt to comply with the Court's order despite her less than diligent former counsel, the Court finds that exercising its considerable discretion to grant Rule 59(e) relief is warranted in these circumstances.

Accordingly,

**IT IS ORDERED** that plaintiff's motion is **GRANTED** and the Court's previous order[10] dismissing plaintiff's case is **VACATED**.

**IT IS FURTHER ORDERED** that defendants' motion[11] to strike exhibits and defendants' motion[12] to expedite hearing of the motion to strike exhibits are **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that a status conference is scheduled on July 27th, 2011 at 10:00 a.m. to discuss the several outstanding issues that still remain.

New Orleans, Louisiana, July 14th, 2011.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[10] R. Doc. No. 26.

[11] R. Doc. No. 35.

[12] R. Doc. No. 36.

4