UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LINDA L. WORLEY**                                               **CIVIL ACTION**

**VERSUS**                                                        **No. 10-3313**

**LOUISIANA STATE, ET AL.**                                       **SECTION I**

## ORDER AND REASONS

Before the Court is a motion[1] to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(5) filed by defendants, the Board of Supervisors of the Louisiana State University and Agricultural and Mechanical College ("the Board") and Daniel Chaisson ("Chaisson"). Plaintiff, Linda L. Worley ("Worley"), has filed an opposition.[2] For the following reasons, the motion is **GRANTED**.

### *BACKGROUND*

Worley alleges in her amended complaint that she was terminated from her position as a respiratory care therapist at the Louisiana State University Medical Center in New Orleans in violation of the Americans with Disabilities Act and Louisiana whistleblower laws.[3] She is fifty-eight years old and suffers from fibro-myalgia and degenerative lumbar disc disease.[4] She claims that she is unable to lift more than thirty pounds, and is limited in her ability to bend or

---

[1] R. Doc. No. 50.

[2] R. Doc. No. 51.

[3] R. Doc. Nos. 1, 42.

[4] R. Doc. No. 1, ¶ 3.

1

stand on a continuous basis.[5] Worley alleges that she requested an accommodation for her disability on three occasions by asking for a permanent assignment to a hospital unit that would not require her to bend, twist, or lift beyond her capabilities.[6] Worley claims that her supervisors denied each of her requests and required her to rotate positions and units with the other employees.[7]

When her supervisors denied her third oral request for an accommodation, Worley sought advice from the Equal Employment Opportunity Commission ("EEOC").[8] She claims that she followed the EEOC's instructions and filed a written request for an accommodation with the director of nursing, Mary Rose W. Luce ("Luce").[9] She also requested an opportunity to discuss the accommodation with her supervisors.[10] Worley claims that she was terminated within two weeks of submitting her written request and without being afforded a chance to discuss the accommodation with her supervisors.[11] Worley received a right-to-sue letter from the EEOC on August 30, 2010.[12]

On September 29, 2010, Worley filed this lawsuit against the Board seeking damages for the Board's failure to accommodate her disability pursuant to Title I of the Americans with

---

[5] R. Doc. No. 42, ¶ 19.

[6] R. Doc. No. 1, ¶¶ 3-4.

[7] R. Doc. No. 1, ¶ 4; R. Doc. No. 43, ¶¶, 17(a), 20.

[8] R. Doc. No. 42, ¶ 17(b).

[9] R. Doc. No. 42, ¶ 17(b); R. Doc. No. 1, ¶ 5.

[10] R. Doc. No. 42, ¶ 17(c).

[11] R. Doc. No. 42, ¶ 17(c).

[12] R. Doc. No. 1, ¶ 1(a).

Disabilities Act ("ADA"), 42 U.S.C. § 12111, *et seq.*[13] Worley also seeks damages under Louisiana's whistleblower laws, La. Rev. Stat. Ann. § 23:967 and § 42:1169. Worley claims that her termination constituted unlawful retaliation for reporting defendants to the EEOC, and for reporting information to the Board of Nursing in connection with an investigation of another hospital.[14] Finally, Worley seeks state law tort damages with respect to an altercation she had with Chaisson, one of her supervisors.[15] Worley alleges that Chaisson spit in her face while giving her a "tongue lashing" over an alleged clinical mistake.[16]

On October 10, 2011, defendants filed this motion to dismiss Worley's complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) on the ground that the Eleventh Amendment bars Worley's lawsuit against the Board in federal court.[17] Chaisson further seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5) on the ground that Worley failed to properly serve him with process as required by Federal Rule of Civil Procedure 4(m).[18]

Worley responds that the Eleventh Amendment does not bar her suit against the Board because Title I of the ADA expressly abrogated the Board's Eleventh Amendment immunity.[19] Worley also responds that she complied with the Court's order permitting service of her

---

[13] R. Doc. No. 1.

[14] R. Doc. No. 1, ¶¶ 11-18; R. Doc. No. 42, ¶¶ 17(d)-(e), 21.

[15] R. Doc. No. 1, ¶ 19; R. Doc. No. 42, ¶ 17(f).

[16] R. Doc. No. 1, ¶ 19; R. Doc. No. 42, ¶ 17(f). Worley also alleges that Luce fired her after the incident in retaliation for lodging complaints against Chaisson. R. Doc. No. 42, ¶ 17(f). Worley alleges that Chaisson and Luce were in a relationship and were living together at the time. R. Doc. No. 42, ¶ 17(f).

[17] R. Doc. No. 50.

[18] R. Doc. No. 50-2, pp. 4-5.

[19] R. Doc. No. 51, pp. 2-4.

amended complaint within a specified time after the 120 day period following the filing of her complaint.[20]

*LAW*

**I. Federal Rule of Civil Procedure 12(b)(5)**

"Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner." *Wallace v. St. Charles Parish Sch. Bd.*, No. 04-1376, 2005 WL 1155770, at *1 (E.D. La. May 5, 2005). "In the absence of valid service of process, proceedings against a party are void." *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design,* 635 F.2d 434, 435 (5th Cir. 1981). "When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity." *Id.* "If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

**II. Federal Rule of Civil Procedure 12(b)(1)**

A motion to dismiss for lack of subject matter jurisdiction should be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). To assess whether subject matter jurisdiction exists, this Court may look to the complaint and the undisputed facts in the record. *See id.* When analyzing the complaint, this Court will take the allegations in the complaint as true. *Sawar P'ship v. United States*, 67 F.3d 567, 569 (5th Cir. 1995). Because the burden of proof on a motion to dismiss for lack of subject matter jurisdiction

---

[20] R. Doc No. 51, pp. 6-7.

is on the party asserting jurisdiction, plaintiff "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161 (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

*ANALYSIS*

**I. Service of Process**

Defendants argue that Worley's claim against Chaisson should be dismissed pursuant to Rule 12(b)(5) on the ground that Worley has not shown good cause for her failure to accomplish service upon Chaisson within 120 days after she filed her complaint. Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

On June 22, 2011, the Court dismissed Worley's claims for failure to comply with the Court's order extending the time for service to June 17, 2011.[21] However, the Court subsequently reconsidered its decision and found that Worley had attempted, in good faith, to comply with the Court's instructions for effecting service, "despite her less than diligent former counsel."[22] The Court permitted Worley to file an amended complaint.[23] It ordered that service be made upon the Board by September 5, 2011.[24] Worley complied with that order by serving her amended complaint upon both defendants by September 2, 2011.[25] The Court finds that

---

[21] R. Doc. No. 26.

[22] R. Doc. No. 37.

[23] R. Doc. No. 41.

[24] R. Doc. No. 41.

5

Worley satisfied Rule 4(m) by serving a copy of her amended complaint upon Chaisson within the time specified by the Court for service upon the Board.

## II. The Eleventh Amendment

The Eleventh Amendment of the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The sovereign immunity recognized by the Eleventh Amendment is jurisdictional. *Cozzo v. Tangipahoa Parish*, 279 F.3d 273, 280 (5th Cir. 2002). The Supreme Court has interpreted this amendment to bar citizens from suing their own states as well as other states. *United States v. Texas Tech Univ.*, 171 F.3d 279, 289 (5th Cir. 1999) (citing *Hans v. Louisiana*, 134 U.S. 1, 10 S. Ct. 504, 33 L. Ed. 842 (1890)). The Eleventh Amendment bars a lawsuit against a state for both money damages and injunctive relief. *Cozzo*, 279 F.3d at 280–81; *see also Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100, 89 S. Ct. 900, 908, 79 L. Ed. 2d 67 (1984) (holding that the jurisdictional bar of the Eleventh Amendment "applies regardless of the nature of the relief sought"); *Briggs v. Mississippi*, 331 F.3d 499, 503 (5th Cir. 2003) ("[T]he Eleventh Amendment bars suit against a state or state entity, as opposed to a state official, regardless of whether money damages or injunctive relief is sought . . . .") (internal quotation and citation omitted).

However, a state's Eleventh Amendment immunity from suit in federal court is not absolute. *See Union Pac. R.R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011). A state's immunity may be abrogated by Congress as a means of enforcing § 5 of the Fourteenth Amendment. *Id.* (citing *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527

---

[25] R. Doc. Nos. 46, 47.

U.S. 666, 670, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999)). A state may also waive its Eleventh Amendment immunity by voluntarily invoking federal court jurisdiction, or by making a "clear declaration" that it intends to submit itself to federal court jurisdiction. *Id.*

The Board is an arm of the State of Louisiana and it enjoys Eleventh Amendment immunity. *Pastorek v. Trail*, Nos. 99-30317, 99-31146, 2001 WL 85921, at *2 (5th Cir. Jan. 26, 2001); *Dyess v. La. State Univ. Bd. of Supervisors*, No. 05-392, 2005 WL 2060915, at *4 (E.D. La. Aug. 19, 2005) (Vance, J.) ("Courts consider the LSU Board of Supervisors to be an arm of the state for purposes of Eleventh Amendment immunity."). Although Worley claims that Congress abrogated state sovereign immunity in enacting the ADA, the U.S. Supreme Court has specifically held that Congress failed to validly abrogate state immunity pursuant to its § 5 power when it enacted Title I of the ADA. *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 374, 121 S. Ct. 955, 968, 148 L. Ed. 2d 866 (2001); s*ee also Gerald LaHoste v. Univ. of New Orleans*, No. 11-861, 2011 WL 5025313, at *2 (E.D. La. Oct. 21, 2011) (Lemelle, J.) (holding that the Eleventh Amendment barred a lawsuit brought against the Board under Title I of the ADA). Because Louisiana has expressly refused to waive its sovereign immunity,[26] and the Board has not consented to federal jurisdiction over this action by voluntarily invoking or submitting to federal jurisdiction, the Eleventh Amendment provides a jurisdictional bar to Worley's Title I claims against the Board.

The Court also finds that the Eleventh Amendment bars Worley's retaliation claims against the Board to the extent that they were brought pursuant to Title V of the ADA, 42 U.S.C.

---

[26] La. Rev. Stat. Ann. § 13:5106(A) provides, "No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court." Louisiana's waiver of its sovereign immunity in its own courts does not bear on the question of whether this Court has the judicial power to exercise jurisdiction over this action. The United States Supreme Court "consistently has held that a State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts." *Pennhurst*, 465 U.S. at 100 n.9.

§ 12203. In *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356, 374, 121 S. Ct. 955, 968, 148 L. Ed. 2d 866 (2001), the Supreme Court explained that congressional legislation purporting to abrogate state immunity pursuant to its § 5 enforcement power "must exhibit 'congruence and proportionally between the injury to be prevented or remedied and the means adopted to that end.' " *Garrett*, 531 U.S. at 365 (quoting *City of Boerne v. Flores*, 521 U.S. 507, 520, 117 S. Ct. 2157, 138 L. Ed. 2d 624 (1997)). The Court explained that when Congress enacted Title I of the ADA, it failed to identify a history and pattern of irrational employment discrimination by the States against the disabled sufficient to abrogate state immunity. *Garrett*, 531 U.S. at 374.

The U.S. Ninth Circuit Court of Appeals has held that the reasoning in *Garrett* "necessarily applies" to retaliation claims brought pursuant to Title V of the ADA that are predicated on violations of Title I. *Demshki v. Monteith*, 255 F.3d 986, 988-89 (9th Cir. 2001). Although neither the Supreme Court nor the U.S. Fifth Circuit Court of Appeals has reached the question, the Ninth Circuit explained that "nothing in the ADA's legislative findings demonstrate[es] a pattern of discrimination by states against employees who oppose unlawful employment discrimination against the disabled. Absent a history of such evil by the states, Congress may not abrogate the states' Eleventh Amendment immunity from Title V claims." Numerous district courts have agreed with the Ninth Circuit's reasoning in *Demshki*,[27] and this Court is similarly persuaded that Congress failed to validly abrogate the Board's Eleventh Amendment immunity with respect to Title V retaliation claims predicated on violations of Title

---

[27] *See, e.g.*, *Shabazz v. Tex. Youth Comm'n*, 300 F. Supp. 2d 467, 472-73 (N.D. Tex. Sep 30, 2003); *Padilla v. N.Y. State Dep't. of Labor*, No. 09-5291, 2010 WL 3835182, *4-*5 (S.D.N.Y. Sep 13, 2010) (citing cases). *But see Roberts v. Pa. Dep't of Pub. Welfare*, 199 F. Supp. 2d 249, 253-54 (E.D. Pa. 2002) (holding that ADA retaliation claims based on asserted violations of the First Amendment "need not be held up to the 'congruence and proportionality' prism"). Neither the original complaint nor the amended complaint asserted any violations of the First Amendment in this case.

I.  To the extent that Worley has asserted such a claim for retaliation against the Board pursuant to Title V of the ADA, the claim must be dismissed for lack of subject matter jurisdiction.

**III.  Worley's Remaining State Law Claims against Chaisson**

Having determined that Worley's claims against the Board must be dismissed, the Court declines to exercise supplemental jurisdiction over Worley's remaining state law battery claims against Chaisson.[28]  *See Cudd Pressure Control Inc. v. Roles*, 328 Fed. App'x 961, 966 n.2 (5th Cir. 2009) ("[T]the district court should keep in mind the Supreme Court's instructions that 'if the federal claims are dismissed before trial, . . . the state claims should be dismissed [or remanded] as well.' ") (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)).  "When a court dismisses all federal claims before trial, the general rule is to dismiss any [supplemental] claims.  However the dismissal should expressly be *without* prejudice so that the plaintiff may refile in the appropriate state court." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999) (emphasis in original).  Accordingly, the Court declines to exercise supplemental jurisdiction over Worley's remaining state law claims.  *See* 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.");[29] *Severin v. Parish of Jefferson*, 357 Fed. App'x 601, 606 (5th Cir. 2009).

*CONCLUSION*

---

[28] Counsel for plaintiff advised the Court that plaintiff's only claim against Chaisson was brought against him in his individual capacity for battery under state law.  R. Doc. No. 52.

[29] The Court recognizes that 28 U.S.C. § 1367 authorizes district courts to decline supplemental jurisdiction over related state law claims if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Furthermore, this Court should also consider "the common-law factors of judicial economy, convenience, fairness, and comity" in determining whether to exercise supplemental jurisdiction. *Mendoza v. Murphy*, 532 F.3d 342, 347 (5th Cir. 2008).  Balancing all of these factors, the Court declines to exercise supplemental jurisdiction over Worley's state law claims.

For the foregoing reasons,

**IT IS ORDERED** that the motion to dismiss is **GRANTED** and plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, January 24, 2012.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**