# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LINDA L. WORLEY | CIVIL ACTION |
| VERSUS | No. 10-3313 |
| LOUISIANA STATE, ET AL. | SECTION I |

## ORDER AND REASONS

Before the Court is a motion[1] for reconsideration filed by plaintiff, Linda Worley. Defendants, the Board of Supervisors of the Louisiana State University and Agricultural and Mechanical College ("the Board") and Daniel Chaisson, have filed an opposition.[2] For the following reasons, the motion is **DENIED**.

## *BACKGROUND*

Worley filed this lawsuit against the Board alleging that she was terminated from her position as a respiratory care therapist at the Louisiana State University Medical Center in New Orleans in violation of the Americans with Disabilities Act and Louisiana whistleblower laws.[3] Worley alleged that the Board failed to provide a reasonable accommodation for her disabilities and that it retaliated against her for filing a claim with the Equal Employment Opportunity Commission ("EEOC"). Worley also sought tort damages against her former supervisor, Chaisson, based on an altercation in which he allegedly spit in her face.

On January 24, 2012, this Court dismissed Worley's claims against the Board because the Board is an arm of the State of Louisiana and it enjoys Eleventh Amendment immunity. This Court explained that none of the exceptions to state sovereign immunity applied because (1)

---

[1] R. Doc. No. 56.
[2] R. Doc. No. 57.
[3] R. Doc. Nos. 1, 42.

1

Congress had failed to validly abrogate state sovereign immunity when it enacted Title I of the ADA, (2) by statute, Louisiana had expressly refused to waive its sovereign immunity, and (3) the Board had not consented to federal jurisdiction over this action by voluntarily invoking or submitting to federal jurisdiction.  This Court further held that it lacked jurisdiction over Worley's retaliation claims to the extent that they were brought pursuant to Title V of the ADA and it declined to exercise supplemental jurisdiction over Worley's remaining state law claims.

On February 7, 2012, Worley filed this motion for reconsideration.  Worley argues that this Court did not address her argument that the Board waived its Eleventh Amendment immunity.  Worley claims the Board waived its immunity by posting a notice to its employees that it is a covered entity for the purposes of the ADA and that its employees have a right to lodge a complaint with the EEOC for violations of the ADA.  Worley also argues that the Board must be found to have waived its immunity based on the fact that she acted in accordance with that notice and ultimately received a right-to-sue letter from the EEOC.  Finally, Worley argues that the Board waived its sovereign immunity by receiving federal funding.

## *LAW*

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000).  A motion for reconsideration filed within twenty-eight days of the district court's judgment will be recharacterized as a motion to alter or amend the judgment and it will be construed pursuant to Rule 59(e). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 327 n.1 (5th Cir. 2004).[4]  A motion for reconsideration filed more than twenty-eight days after the judgment is treated as a Rule 60(b) motion for relief from judgment. *Id.*  Worley filed this motion on February 7, 2012, within

---

[4] The ten-day time limit referred to in *Shepherd* was extended to twenty-eight days when the Federal Rules of Civil Procedure were amended in 2009.  *See* Fed. R. Civ. Proc. 59(e).

2

twenty-eight days of the Court's order on January 25, 2012. Accordingly, a Rule 59(e) analysis is appropriate.[5]

A Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989). A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e). *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 174 (5th Cir.1990), *abrogated on other grounds by Little v. Liquid Air. Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc). The Court must strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). "A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and, (4) the motion is justified by an intervening change in the controlling law." *Jupiter v. BellSouth Telecommunications, Inc.*, No. 99-0628, 1999 WL 796218, at *1 (E.D. La Oct. 5, 1999) (Vance, J.).

## *ANALYSIS*

In dismissing Worley's amended complaint, this Court explained that a state waives its Eleventh Amendment immunity when "(1) the state voluntarily invokes federal court jurisdiction, or (2) the state makes a 'clear declaration' that it intends to submit itself to federal court jurisdiction." *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 241 (5th Cir. 2005). This

---

[5] A Rule 59(e) analysis is more generous to the party seeking relief as it saves the motion from the "exacting substantive requirements" of Rule 60(b). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173-74 (5th Cir.1990), *abrogated on other grounds by Little v. Liquid Air. Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc).

Court considered whether the Board waived its Eleventh Amendment immunity and it found that the Board had neither voluntarily invoked federal court jurisdiction nor made a clear declaration that it intended to submit itself to federal court jurisdiction.

Worley has not demonstrated that reconsideration of this Court's previous decision is necessary to correct manifest errors of law or fact. First, merely posting federally mandated notices about employee rights under the ADA does not constitute a "clear declaration" that the Board intended to submit itself to federal court jurisdiction. *See Gary v. Ga. Dep't. of Human Res.*, 323 F. Supp. 2d 1368, 1372 (M.D. Ga. 2004). Second, the fact that she received a right-to-sue letter from the EEOC does not vest this Court with jurisdiction that it would not otherwise have and the Board's participation (if any) in Worley's proceedings before the EEOC would not have constituted a waiver of sovereign immunity. *Sullivan v. Univ. of Tex. Health Sci. Ctr.*, 217 Fed. Appx. 391, 393-94 (5th Cir. 2007). Finally, the fact that the Board may receive federal funds does not establish waiver with respect to the ADA claims asserted in this case. *See Dansby-Giles v. Jackson State Univ.*, 638 F. Supp. 2d 698, 700-01 (S.D. Miss. 2009). Worley's attempt to rehash these insubstantial arguments fails with respect to this motion for reconsideration and she has not otherwise shown that this Court should reconsider its previous order dismissing her claims.

Accordingly,

**IT IS ORDERED** that the motion for reconsideration is **DENIED**.

New Orleans, Louisiana, March 6, 2012.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

4